IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAMON YOUNG,

    Plaintiff,

v.

DEPUTY WARDEN SMITH; MARTY ALLEN; DEPUTY WARDEN BOBBIT; UNIT MANAGER HUTCHINSON; DEPUTY WARDEN AARON PINEIRO; LT. SHOEMAKE; MENTAL HEALTH DIRECTOR RENO; COUNSELOR MARSHA GILLIS; and DR. JAMES DeGROOT,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-131

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, (doc. 17), to which Plaintiff filed Objections, (doc. 19). Plaintiff's Objections are largely a reiteration of the claims that he has already presented and which the Magistrate Judge correctly rejected. Specifically, Plaintiff argues: (1) his claims for compensatory and punitive damages under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") should be reinstated because damages are "appropriate relief" under RLUIPA, individuals are liable under RLUIPA, and because courts have awarded compensatory damages based on the abstract importance of intangible constitutional rights regardless of physical injury; (2) his claims for monetary damages should be reinstated because he has suffered "mutilation" and "attempted suicide" along with harsh prison conditions; (3) his Eighth Amendment conditions of confinement claim should be reinstated because he has "[met] the requirements"; and (4) Defendants Mental Health Director Reno,

Counselor Marshal Gillis, and Dr. James DeGroot should be reinstated as Defendants in this action. (Id.)

As the Magistrate Judge correctly explained in the Report and Recommendation, Plaintiff cannot obtain monetary damages for his alleged RLUIPA violations for three distinct reasons: (1) Plaintiff has not suffered any physical injury resulting from Defendants' alleged RLUIPA violations, and the PLRA requires a plaintiff to show physical injury as a prerequisite to obtaining monetary damages; (2) the Eleventh Circuit has precluded individual defendants from liability for monetary damages under RLUIPA; and (3) the Supreme Court of the United States has held that states have sovereign immunity from liability for monetary damages under RLUIPA. (Doc. 17, pp. 17–18 (citations omitted).) Moreover, the case law Plaintiff cites in support of his RLUIPA arguments has either been abrogated or does not apply to RLUIPA, (doc. 19, pp. 1–2.)[1]

Plaintiff's remaining Objections are similarly unpersuasive. Plaintiff objects to the Magistrate Judge's partial dismissal of his claims for compensatory and punitive damages. (Doc. 19, pp. 2–3.) Plaintiff contends he has suffered physical injury, and thus, these claims should remain. (Id.) However, the Magistrate Judge did not dismiss all of Plaintiff's claims for compensatory and punitive damages, just those arising directly from Plaintiff's First and Fourteenth Amendment claims for which he did not suffer any physical injury. (Doc. 17, pp. 30–31.) Plaintiff's claims for damages arising from his deliberate indifference to serious medical needs, those related to his "attempted suicide" allegations, remain before the Court. (Id. at pp. 33–36.) Likewise, because the Magistrate Judge correctly found Plaintiff to have plausibly stated deliberate indifference to serious medical needs claims, (id.), Defendants Reno, Gillis, and

---

[1] For example: Daker v. Ferrero, No. 1:03-CV-02481-RWS, 2006 WL 346440, at *8–10 (N.D. Ga. Feb. 13, 2006), *abrogated by* Smith v. Allen, 502 F.3d 1255, 1271–75 (11th Cir. 2007); Smith v. Allen, 502 F.3d at 1275–76, *abrogated in part by* Sossamon v. Texas, 563 U.S. 277, 285–88 (2011).

DeGroot also remain as Defendants before the Court. Plaintiff's Objections in this respect simply misread the Magistrate Judge's Report and Recommendation.[2] Finally, Plaintiff's contention that his Eighth Amendment conditions of confinement claim should be reinstated because he met the necessary legal elements of such a claim is conclusory and falls well short of the plausible facts required to successfully state a claim. A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Report and Recommendation as the opinion of the Court. The Court **DISMISSES** Plaintiff's: official capacity monetary damages claims; personal property loss claims; RLUIPA compensatory and punitive damages claims; American Indian Religious Freedom Act claims; 42 U.S.C. § 1986 conspiracy claims; First Amendment access-to-courts claims; Fourteenth Amendment retaliation claims; and Eighth Amendment conditions of confinement claims. The Court **DISMISSES without prejudice** Plaintiff's First Amendment, Fourteenth Amendment, and conspiracy claims for compensatory and punitive damages. The Court **DENIES** Plaintiff's requests for Preliminary Injunctions and Motion for Law Library Access, (docs. 1, 9, 12), and leave to appeal *in forma pauperis* as to his dismissed claims. Lastly, the Court **DISMISSES as moot** Plaintiff's Motion Requesting a Review and Service of Complaint, (doc. 18).

However, the Court finds Plaintiff has plausibly stated: RLUIPA claims for injunctive and nominal relief; First Amendment free exercise, establishment clause, and retaliation claims for injunctive and nominal relief; Fourteenth Amendment equal protection and due process

---

[2] Although the conclusion section of the Magistrate Judge's Report and Recommendation seems to indicate Defendants Reno, Gillis, and DeGroot were recommended for dismissal, (doc. 19, p. 38), the introduction and body make clear that the Magistrate Judge found Plaintiff to have alleged plausible Eighth Amendment deliberate indifference to serious medical needs claims against them and that they should remain Defendants in this action, (id. at pp. 1–2, 33–36).

3

claims for injunctive and nominal relief; Sections 1983 and 1985 conspiracy claims for injunctive and nominal relief; and Eighth Amendment deliberate indifference to serious medical needs claims. These claims shall proceed.

**SO ORDERED**, this 24th day of August, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA