IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| DAMON YOUNG, | * |
| | * |
| Plaintiff, | * |
| | *   CIVIL ACTION NUMBER: |
| v. | *   6:17-CV-131-RSB-BWC |
| | * |
| Warden MARTY ALLEN, *et al.*, | * |
| | * |
| Defendants. | * |

**DEFENDANTS' ANSWER AND DEFENSES**

**COME** NOW, Marty Allen, Trevonza Bobbit, James DeGrooth, Marshal Gillis, Joseph Hutchinson, Aaron Pinerio, Director Reno, Ronnie Shoemake, and Tamarshe Smith, Defendants in the above styled case, by and through the Attorney General for the State of Georgia, and answer and respond to Plaintiff's Complaint (Doc. 1), and Plaintiff's supplement to his Complaint (Doc. 12) as follows:[1]

**First Defense**

Plaintiff fails to state a claim upon which relief may be granted.

**Second Defense**

Plaintiff's claims are barred by the doctrine of qualified immunity.

---

[1] The Magistrate Judge's Report and Recommendation, filed on July 17, 2018, noted that the "operative pleadings in this case shall be Plaintiff's Complaint [Doc. 1] and the Supplement thereto [Doc. 12]." (Doc. 17, p. 3, n. 4). This Court adopted the Report and Recommendation on August 24. 2018. (Doc. 27). On the same day the Report and Recommendation was filed, Plaintiff filed a motion for leave to file an Amended Complaint. (Doc. 16). However, Doc. 16 has not been screened, and Defendants are treating Doc. 1 and Doc. 12 as the operative complaints.

### Third Defense

Defendants deny that Plaintiff has been subjected to the deprivation of any right, privilege, or immunities under the Constitution or laws of the United States or the State of Georgia.

### Fourth Defense

Defendants cannot be held liable for any actions involving Plaintiff in which they did not directly participate or of which they had no knowledge.

### Fifth Defense

Plaintiff failed to exhaust his administrative remedies with respect to some or all of his claims prior to filing his Complaint.

### Sixth Defense

The requested injunctive relief is not authorized under 18 U.S.C. § 3626, the Prison Litigation Reform Act.

### Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

### Eighth Defense

Defendant retains the right to assert other defenses allowed by law at such time as the allegations are more specifically pled or developed.

Without waiving any of the above defenses and in answer to Plaintiff's Complaint (Doc. 1) and Plaintiff's Supplement to his Complaint (Doc. 12) Defendants state as follows:

## PLAINTIFF'S COMPLAINT[2]

I. **PREVIOUS LAWSUITS**

    A. Defendants are without sufficient information to admit or deny the allegations in this Paragraph and therefore deny same.

    B. Upon information and belief Defendants admit the allegation in this Paragraph.

    C. Defendants are without sufficient information to admit or deny the allegations in this Paragraph and therefore deny same.

II. Place of Confinement: Defendants admit that Plaintiff is confined at Georgia State Prison ("GSP").

Defendants admit that GSP has a grievance procedure and that Plaintiff filed grievances while at GSP. Defendants deny that Plaintiff exhausted his administrative remedies with respect to some or all of his claims prior to filing his Complaint.

IV. **PARTIES**[3]

    A. Admitted.

    B. Admitted.

    C. Admitted.

V. **STATEMENT OF CLAIM**

    1. Inasmuch as this Paragraph contains conclusory assertions, no response to those assertions appears necessary. Defendants only admit that on October 27, 2016, Plaintiff was housed at Smith State Prison ("SSP"). Defendants deny the remaining allegations in this Paragraph as written. Defendant Smith

---

[2] Defendants respond to Doc. 1 first, followed by Doc. 12, for ease and clarity.
[3] There does not appear to be a Section III.

denies violating Plaintiff's First Amendment free exercise rights, Plaintiff's First Amendment free speech rights, Plaintiff's rights under the Religious Land Use and Institutionalized Person's Act ("RLUIPA"), and Plaintiff's Fourteenth Amendment rights.

2. Inasmuch as this Paragraph contains conclusory assertions, no response to those assertions appears necessary. Defendants deny the allegations with respects to the interaction between Plaintiff and Defendant Smith as written. Defendants are without sufficient information to admit or deny the remaining allegations in this Paragraph and therefore deny the same. However, Defendant Smith denies violating Plaintiff's First Amendment free exercise rights, Plaintiff's RLUIPA rights, and Plaintiff's Fourteenth Amendment equal protection rights.

3. Inasmuch as this Paragraph contains conclusory assertions, no response to those assertions appears necessary. Defendants admit that Plaintiff was transferred from SSP to GSP on January 24, 2017 because of Plaintiff's mental health needs. Defendants deny the remaining allegations in this Paragraph as written. Moreover, Defendants Allen and Smith deny conspiring to infringe on Plaintiff's rights.

4. Inasmuch as this Paragraph contains conclusory assertions, no response to those assertions appears necessary. Defendants admit that Plaintiff arrived at GSP on January 24, 2017. Defendants deny the remaining allegations in this Paragraph as written. Defendants Allen and Smith deny conspiring to infringe on Plaintiff's rights.

5. Inasmuch as this Paragraph contains conclusory assertions, no response to those assertions appears necessary. The Tier II Standard Operating Procedure ("SOP") referenced by Plaintiff speaks for itself. Defendants deny the remaining allegations in this Paragraph as written. Defendant Hutchinson denies violating Plaintiff's Fourteenth Amendment rights.

6. Inasmuch as this Paragraph contains conclusory assertions, no response to those assertions appears necessary. Defendants deny the allegations in this Paragraph as written. Defendants Allen, Bobbit and Hutchinson deny violating Plaintiff's First Amendment free exercise rights, the establishment clause of the First Amendment, RLUIPA, or Plaintiff's First Amendment free speech rights.

7. Defendants deny the allegations in this Paragraph as written. Defendants Bobbit and Hutchinson deny violating Plaintiff First Amendment free exercise, RLUIPA, or Fourteenth Amendment rights.

8. Defendants are without sufficient information to admit or deny when Plaintiff's package arrived in the mail and therefore deny the same. Defendants deny the remaining allegations in this Paragraph as written. Defendant Allen denies violating Plaintiff's First Amendment free exercise, RLUIPA, or Fourteenth Amendment equal protection rights.

9. Admitted.

10. Admitted.

**PLAINTIFF'S SUPPLEMENT TO COMPLAINT (Doc. 12).**

**ADDED DEFENDANTS**: Defendants admit that Reno, Gillis, DeGroot, Shotmake, Pineiro, Allen, and Hutchinson are all named defendants in this case.

**ADDED COMPLAINTS**:

1. Claim #1:

    The first paragraph contains legal conclusions, and therefore no response appears necessary. To the extent a response is necessary, Defendants Allen, Hutchinson and Shoemake deny violating Plaintiff's First Amendment free exercise or free speech rights, Plaintiff's Eighth Amendment rights, or Plaintiff's Fourteenth Amendment rights.

    The allegations in the second paragraph appear to be a narrative of events. To the extent Plaintiff claims that the events in the narrative amount to a constitutional violation, Defendants deny the same. Defendants admit that the Tier II classification process is delineated in SOP IIIB09-003, and the SOP speaks for itself. Defendants deny the remaining allegations in this Paragraph as written.

2. Claim #2:

    The first paragraph contains legal conclusions, and therefore no response appears necessary. To the extent a response is necessary, Defendants Reno, Gillis, DeGroot, Pineiro and Allen deny violating Plaintiff's Eighth Amendment rights.

    Inasmuch as the second Paragraph contains conclusory assertions, no response to those assertions appears necessary. The SOPs cited by Plaintiff speak for themselves. Further, the paragraph contains a narrative about the mental health population and mental health staffing at GSP. To the extent Plaintiff claims that the description in his narrative

amounts to a constitutional violation, Defendants deny the same. Defendants deny other allegations in this Paragraph as written.

3. <u>Claim #3</u>:

The first paragraph contains legal conclusions, and therefore no response appears necessary. To the extent a response is necessary, Defendants Allen, Pineiro and Hutchinson deny violating Plaintiff's First Amendment free speech rights, or his Fourteenth Amendment equal protections rights.

Defendants are without sufficient information to admit or deny the allegations with respect to any conversation Plaintiff's grandmother may have had with various prison personnel, or any college course she may have ordered for Plaintiff, and therefore deny the same. Moreover, Defendants are without sufficient information to admit or deny any conversations Plaintiff may have had with prison personnel that are not a party to this lawsuit, and therefore deny the same. Defendants deny the remaining allegations in this paragraph as written.

**REQUESTED RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief requested, or any relief whatsoever.

Any allegations to which Defendants have not otherwise responded is hereby denied. Defendants deny that they are liable to Plaintiff for any reason or in any amount.

WHEREFORE, having answered fully, Defendants request a jury trial on all issues so triable, a judgment in their favor, an award of all costs of this action, and such other relief as the Court deems just and proper.

Respectfully submitted, this the 21st day of September, 2018.

                                                        CHRISTOPHER M. CARR   112505
                                                        Attorney General

                                                        KATHLEEN M. PACIOUS   558555
                                                        Deputy Attorney General

                                                        SUSAN E. TEASTER   701415
                                                        Senior Assistant Attorney General

                                                        <u>/s/*Rodney Atreopersaud*</u>   309454
                                                        RODNEY ATREOPERSAUD
                                                        Assistant Attorney General

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served the within and foregoing **DEFENDANTS' ANSWERS AND DEFENSES**, by depositing a copy thereof, postage prepaid, in the United States Mail, properly addressed upon:

Damon Young
GDC #: 1030956
Georgia State Prison
2164 Ga Hwy 147
Reidsville, GA 30499

This the 21st day of September, 2018.

                                        s/Rodney Atreopersaud
                                        Georgia Bar No. 309454
                                        Assistant Attorney General

*Please serve:*
RODNEY ATREOPERSAUD
Dept. of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, GA 30334-1300
Telephone: (404) 656-3300
Facsimile: (404) 651-5304
Email: ratreopersaud@law.ga.gov