IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| DAMON YOUNG, | |
| Plaintiff, | CIVIL ACTION NO.: 6:17-cv-131 |
| v. | |
| DEPUTY WARDEN SMITH, et al., | |
| Defendants. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Dismiss his Claims Against Defendants Allen, Smith, Hutchinson, Gillis, Shoemake, and Pineiro.  Doc. 67.[1]  In his Motion, Plaintiff specifies the only claims he sought to pursue in this action were his Eighth Amendment claims for deliberate indifference against Defendants Reno and DeGroot.  Id.  Plaintiff, however, did not address his claims against Defendant Bobbitt in his Motion to Dismiss, and, on January 16, 2020, this Court ordered Plaintiff to notify the Court within 14 days whether he intended to pursue his claims against Defendant Bobbitt or to otherwise show cause why Defendant Bobbitt should not be dismissed from this action.  Doc. 71.

Over twenty days have passed, and Plaintiff has failed to respond or to otherwise indicate to the Court that he intends to pursue his claims against Defendant Bobbitt.  Pursuant to Federal Rule of Civil Procedure Rule 41(b), the Court has authority to dismiss a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or

---

[1]  Defendants Allen, Bobbitt, Gillis, Hutchinson, Pineiro, Shoemake, and Smith filed a Response to Plaintiff's Motion to Dismiss and state they "have no objection to Plaintiff['s] motion to dismiss all claims against them."  Doc. 68.

local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011); Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] [w]illful disobedience or neglect of any order of the Court.").  This Court finds Plaintiff has failed to prosecute his claims against Defendant Bobbitt.

Accordingly, I **RECOMMEND** the Court, pursuant to its authority under Federal Rule of Civil Procedure 41, **GRANT** Plaintiff's Motion to Dismiss, doc. 67, **DISMISS without prejudice** Plaintiff's claims against Defendants Allen, Gillis, Hutchinson, Pineiro, Shoemake, Smith, and Bobbitt, and **DENY as moot** Defendants Allen, Bobbitt, Gillis, Hutchinson, Pineiro, Shoemake, and Smith's Motion for Summary Judgment, doc. 61.

Any party seeking to object to this Report and Recommendation shall file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th

Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of February, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA